# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL MONROE,

                Plaintiff,

v.                                      Case No. 13-2086-EFM-DJW

CITY OF LAWRENCE, KANSAS, et al.

                Defendants.

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Stay Discovery (ECF No. 34). Defendants City of Lawrence, Kansas ("City") and Tarik Khatib request an order staying discovery in this case until their pending Motion to Dismiss (ECF No. 23) is resolved. Plaintiff Michael Monroe opposes the Motion to Stay Discovery as to both Defendants. For the reasons set forth below, the Court concludes that the Motion to Stay Discovery should be granted as to both Defendants.

**I.**     **Nature of the Matter Before the Court**

Monroe brings this lawsuit against Defendants based on alleged violations of his constitutional rights related to his termination from employment as a police officer. Monroe was employed by the City in the Lawrence Police Department ("LPD"), where Khatib is the Chief of Police. Monroe asserts claims against the City for racial discrimination under Title VII and 42 U.S.C. § 1981 and for violation of his property and liberty interests without due process under 42 U.S.C. § 1983. Monroe also asserts a claim against Khatib for racial discrimination pursuant to 42 U.S.C. § 1981.

Defendants filed a motion to dismiss based partly upon Khatib's asserted affirmative defense of qualified immunity. Defendants then filed the instant Motion, requesting a stay of discovery as to both Defendants. They argue that all discovery related to the claims against Khatib should be stayed until the Court determines whether he is immune from suit. They further argue that the claims against the City are inexorably intertwined with the claims against Khatib. Thus, they assert that allowing discovery to proceed against the City while the issue of Khatib's immunity is pending would prejudice Khatib.

In his response, Monroe argues that Khatib is not entitled to a stay of discovery because Khatib will be a key witness in this matter and will participate in discovery regardless of whether he is a named Defendant. Monroe also argues that the City is not entitled to a stay of discovery because the City has not alleged that any prejudice would arise from permitting discovery to continue regarding the claims against it.

In their reply, Defendants argue first that Khatib is entitled to a stay of discovery as a matter of law, regardless of whether he may be a witness. They also argue that discovery should be stayed as to the City because the claims against the City and Khatib share a common nucleus of facts which would make bifurcated discovery impractical and prejudicial to Khatib.

Monroe sur-replied that Defendants have unclean hands, because they served written discovery to Monroe after raising the qualified immunity defense. Defendants sur-replied that there is no authority for the argument raised by Monroe in his sur-reply, that the discovery was limited, and that they filed their motion to dismiss following clarification from Monroe that he was asserting claims against Khatib in his individual capacity.

## II. Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] Therefore, as a general rule, the District of Kansas does not favor staying pretrial proceedings even though dispositive motions are pending.[3] An exception is made however when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[4]

It is well settled that a defendant is entitled to have a question of immunity resolved before being required to engage in discovery and other pretrial proceedings.[5] Qualified immunity "spare[s] a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6] Further it is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[7]

## III. Application of the Standard to Facts of this Case

### A. Stay as to Khatib

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).
[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).
[3] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).
[4] *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).
[5] *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).
[6] *Siegert*, 500 U.S. at 232.
[7] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Khatib argues that he is entitled to a stay of discovery as a matter of law until the motion to dismiss asserting a qualified immunity defense on his behalf is resolved. Monroe argues that discovery should not be stayed as to Khatib, because he must participate in discovery regardless of whether he is dismissed as a Defendant. Monroe further argues that Khatib will be burdened by this litigation regardless of his status as a party or a non-party.

Monroe's arguments disregard well settled law stating that where a defendant raises a qualified immunity defense, discovery should be stayed until that defense is resolved.[8] The Court therefore concludes that the Motion to Stay Discovery should be granted as to Khatib pending a ruling on the motion to dismiss.

B.  **Stay as to the City**

Defendants argue that discovery should also be stayed as to the City pending a ruling on Khatib's qualified immunity defense in the Motion to Dismiss. They argue that allowing discovery to move forward would necessarily require Khatib's participation while the specter of the potential of personal liability hangs over his head. Permitting discovery to proceed, they assert, would deny Khatib the remedy that his entitlement to a stay of discovery was intended to address and would result in substantial prejudice to Khatib. Monroe responds that the City would not be prejudiced by discovery continuing because all claims brought against Khatib are also brought against the City. Defendants reply that because the claims against the City and Khatib share a common nucleus of facts, allowing bifurcated discovery is impractical, if not

---

[8] *Saleh v. Ray*, 107 Fed. Appx. 865, 867 (10th Cir. 2004) (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)).

impossible, and would substantially prejudice Khatib.

The parties cite to a 2005 District of Kansas case, *Howse v. Atkinson*.[9] In *Howse*, two defendants asserted a qualified immunity defense in their Motion to Dismiss. Those two defendants, along with a third defendant KUPI (who was not asserting qualified immunity), also filed a motion to stay discovery pending the qualified immunity determination in the motion to dismiss.[10] The court ruled that the two defendants asserting qualified immunity were clearly entitled to a stay of discovery.[11] The court also ruled that the third defendant KUPI, although not asserting qualified immunity, was entitled to a stay of discovery as well because "a bifurcation of discovery is wholly inefficient, and judicial economy and the danger of unfair and substantial prejudice to [] KUPI warrants a stay of discovery as to all parties and claims pending the resolution of the motion to dismiss . . . ."[12] The court found risk of prejudice to the plaintiff to be small because the stay of discovery was only temporary until the court ruled on the motion to dismiss.[13]

Defendants argue that the situation here is analogous to that in *Howse* and that discovery should be stayed as to both Defendants even though the City did not raise a qualified immunity defense. Monroe responds that *Howse* should be distinguished from the present case because the City has not alleged that any prejudice would arise from permitting discovery to continue regarding the claims against it. Defendants reiterate in response that Khatib would be

---

[9] *Howse v. Atkinson*, 04-2341GTV-DJW, 2005 WL 994572 (D. Kan. April 27, 2005).
[10] *Id.* at *1.
[11] *Id.* at *2.
[12] *Id.*
[13] *Id.*

5

substantially prejudiced if the Court were to allow discovery to proceed against the City while discovery was stayed as to Khatib. Defendants argue that the bifurcated discovery would involve issues related to the claims made against Khatib in his personal capacity, and therefore bifurcated discovery is impractical in this situation.

The Court finds the present situation is clearly analogous to that in *Howse* and warrants a stay of discovery as to both Defendant. Because the claims against Defendants are so closely related, allowing discovery to proceed as to the City while the Motion to Dismiss awaits ruling would prejudice Khatib in precisely the manner that the stay as to Khatib is intended to prevent. Bifurcated discovery would also be impractical and inefficient, based on the common nucleus of facts present in the claims against both Defendants. In addition, the risk of prejudice to Monroe from a temporary stay of discovery is outweighed by the risk of prejudice to Defendants.

**IT IS THEREFORE ORDERED THAT** the Motion to Stay Discovery (ECF No. 34) is granted. All discovery is hereby stayed as to both Defendants until such time as the Court rules on the Motion to Dismiss (ECF No. 23).

**IT IS SO ORDERED.**

Dated this 21st day of November, 2013 at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge