UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL MONROE,

               Plaintiff,

vs.                                                                 Case No. 13-cv-2086-EFM-DJW

CITY OF LAWRENCE, KANSAS, et al.,

               Defendants.

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Compel (ECF No. 41). Plaintiff Michael Monroe moves for an order compelling Defendant, City of Lawrence, Kansas ("the City"), to produce "(c)opies of the '360 degree evaluations' that were done within the LPD at the end of 2012, including without limitation the actual evaluation and any documents relating or referring to the evaluations." Monroe also moves for an award of his reasonable expenses incurred in making the Motion, including attorney's fees. The City filed a Memorandum in Opposition (ECF No. 58), reasserting its objections that the request at issue is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. The City also requests an award of its reasonable expenses incurred in opposing the Motion, including attorney's fees. For the following reasons, the Court concludes that the Motion to Compel should be granted.

**I.    Nature of the Matter before the Court**

Monroe asserts claims against the City for denial of due process and race discrimination arising from his termination from employment with the City's Police Department ("LPD"). Pursuant to Fed. R. Civ. P. 34, Monroe served his First Request for Production of Documents to the City on May 1, 2013, including Request 6 for "(c)opies of the '360 degree evaluations' that

were done within the LPD at the end of 2012, including without limitation the actual evaluation and any documents relating or referring to the evaluations."[1]  The City served its Objections to Plaintiff's First Requests for Production of Documents to Monroe on June 5, 2013, objecting to Request 6 as follows:

> This particular request is vague, ambiguous, overly broad, seeks documents protected by the attorney client and/or attorney work product privileges, does not specify the documents sought with reasonable particularity to the extent the request asks for "any documents relating or referring to the evaluations," and is not reasonably calculated to lead to the discovery of admissible evidence.[2]

The City served Amended Objections and Responses to Plaintiff's First Requests for Production of Documents to Monroe on or about June 28, 2013, but it does not appear that the City amended or supplemented its original objection to Request 6 therein.[3]

Thereafter, the parties exchanged letters, emails, and telephone conversations in an attempt to resolve the dispute over Request 6.[4] Monroe sent a golden rule letter to the City on July 9, 2013 addressing the City's objections to Request 6.[5] The City responded to the golden rule letter on July 24, 2013, restating that Request 6 is "vague, overbroad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence."[6] The City also stated that the 360 degree evaluations ("evaluations") "asked LPD officers to assign numerical ratings to their supervisors on a few discrete topics" which did not address race discrimination, were not performed until after Monroe was terminated, and are inadmissible as "hearsay comprised of information that is itself derived from hearsay statements of anonymous declarants."[7] In an email sent by the City to Monroe on July 26, 2013, the City stated further that the '360 degree

---

[1] Pl.'s First Reqs. Produc. Docs., ECF No. 42-2.
[2] Def.'s Objections to Pl.'s First Reqs. Produc. Docs., ECF No. 42-3.
[3] Def.'s Certificate of Service, ECF No. 19.
[4] Worthington Aff. at 2, ECF No. 42-1 (see D. Kan. Rule 37.2, requiring parties to make a "reasonable effort to confer" concerning a discovery dispute before presenting the dispute to the court).
[5] Ex. I at 3, ECF No. 42-10.
[6] Ex. K at 2, ECF No. 42-12.
[7] *Id.* at 3.

evaluations' "are a summary and/or tabulation of various anonymous surveys completed by individual City employees about all the supervisors at LPD," are "layered with hearsay," and that the "broad scope of discovery does not permit discovery regarding anonymous employees' opinions about their supervisors."[8] Monroe filed the instant Motion to Compel on August 26, 2013. To date, the City has produced no documents responsive to Request 6.

## II. Analysis

### A. The City's Objection that Request 6 is Not Reasonably Calculated to Lead to the Discovery of Admissable Evidence

The City objected to Request 6 as not reasonably calculated to lead to the discovery of admissible evidence in its original objections. It restated this objection in its response to Monroe's golden rule letter, specifying that the evaluations "asked LPD officers to assign numerical ratings to their supervisors on a few discrete topics" which did not address race discrimination, were not performed until after Monroe was terminated, and are "hearsay comprised of information that is itself derived from hearsay statements of anonymous declarants" which is inadmissible.[9]

Monroe argues that the evaluations fall within an acceptable temporal scope relative to his dismissal and may contain exculpatory evidence. Monroe also argues that the City waived its hearsay objection by not raising it in its original objections. In its response, the City asserts that Monroe has not explained how Request 6 is reasonably calculated to lead to the discovery of admissible evidence. The City also states that its hearsay objection was not a new objection, but rather a clarification of the specific basis for its previous objections.

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant

---
[8] Ex. M at 2, ECF No. 42-14.
[9] Ex. K at 3, ECF No. 42-12.

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[10] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[11] Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[12]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14]

The Court finds that the relevance of the evaluations and related documents to Monroe's discrimination claims is not apparent on the face of the Request 6. As a result, Monroe has the burden of showing how the request is reasonably calculated to lead to the discovery of admissible evidence.

Monroe asserts that the evaluations may contain information as to whether Monroe was treated differently than other similarly situated employees, as well as exculpatory information regarding the allegations that led to his dismissal and information regarding supervisor misconduct. Monroe explains this more fully in his reply, alleging that a disclosed witness has

---

[10] Fed. R. Civ. P. 26(b)(1).
[11] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001)).
[12] *Cardenas*, 232 F.R.D. at 382 (citations omitted).
[13] *Id.; Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).
[14] *Id.* at 382-83; *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

informed him that incidents of supervisor misconduct were disclosed in the evaluations. Monroe states that through depositions of other witnesses, he may be able to match a disclosed witness with his or her survey regarding the evaluations. Also, although the City claims the evaluations do not address discrimination issues, Monroe believes he should be allowed to assess this for himself, particularly as related to incidents of supervisor misconduct without discipline.

Upon review, the Court finds the argument that the evaluations may be inadmissible hearsay does not matter for discovery purposes, as "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[15] Here, based on Monroe's explanation, the Court finds that Request 6 appears to be calculated to lead to the discovery of admissible evidence regarding Monroe's underlying claims. In addition, the Court finds that the evaluations, conducted less than 6 months after Monroe's dismissal, fall within the permitted time frame for discovery in a discrimination action.[16] Thus, the Court overrules the City's objection to Request 6 as not reasonably calculated to lead to the discovery of admissible evidence.

### B.  The City's Objection that Request 6 is Vague and Ambiguous

The City originally objected to Request 6 as vague and ambiguous, and restated this objection in its response to Monroe's golden rule letter. Monroe asserts that the City did not identify what it finds vague or ambiguous about Request 6 in either its original objection or its response to the golden rule letter.

---

[15] Fed. R. Civ. P. 26(b)(1)
[16] *See E.E.O.C. v. Kansas City Southern Ry*., 195 F.R.D. 678 , 679 (D. Kan. 2000) ("discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period.").

In its response, The City argues that Request 6 is vague and ambiguous because it requests any documents relating to or referring to the evaluations, requiring the City to determine what may or may not relate to the evaluations with no guidance provided in the request.

Monroe replied that the City has abandoned this objection by not specifically addressing what is vague and ambiguous until after Monroe filed the instant motion. Monroe also argues that this objection is at odds with the separate objection that the request is not reasonably calculated to lead to the discovery of admissible evidence. Monroe questions how the City could make such a determination if the request was too vague or ambiguous.

The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.[17] A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized."[18] Here, the City has not met its burden to show that the terms and phrases used in this request are vague or ambiguous. The term "360 degree evaluations" is specific and clearly understood by the City. As a result, the request for "any documents relating or referring to the evaluations" is also neither vague nor ambiguous. Accordingly, the Court overrules the City's objection to Request 6 as vague and ambiguous.

### C. The City's Objection that Request 6 is Overly Broad

The City originally objected to Request 6 as overly broad, and restated this objection in its response to Monroe's golden rule letter. Monroe argues that broad discovery is permissible in discrimination cases, including discovery of information both prior to and after the alleged period of the discrimination.

---

[17] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006).
[18] *Id.*

In its response, the City argues that the request for "any documents relating or referring to the evaluations" is so broad that it encompasses every document that makes a passing reference to the evaluations. The City also asserts that the evaluations are unrelated to Monroe's termination and were done after his dismissal.

Monroe replies that the request is not overly broad on its face, and reasserts that although the evaluations were done after his dismissal, discovery can be extended prior to or beyond the period at issue in a discrimination case.

Requests for production must be stated with "reasonable particularity."[19] Ordinarily, "a request or interrogatory may be overly broad or unduly burdensome on its face if it uses an omnibus term such as 'relating to' or 'concerning.' "[20] "When, however, the phrase modifies a specific type of document or specific event, rather than a large category or all documents or events, the request is not deemed overly broad on its face."[21] When a request for discovery is not overly broad on its face, the party resisting discovery has the burden to show how the request is overly broad.[22]

Request 6 seeks documents that relate or refer to the evaluations, including the actual evaluation. The Court finds that this request is not so all-encompassing as to make it overly broad on its face. The terms "relating" and "referring to" modify a specific document, i.e., the evaluations. Thus, the request is not overly broad on its face.

Further, the fact that the evaluations are not directly related to Monroe's termination does not of itself make the request overly broad. Federal Rule of Civil Procedure 26(b)(1) permits discovery that is "relevant to any party's claim or defense" Relevant information must be

---

[19] Fed. R. Civ. P. 34(b)(1)(A).
[20] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667-8 (D. Kan. 2004); *accord Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008).
[21] *Sonnino*, 221 F.R.D. at 667-8.
[22] *Id.* (citing *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

"reasonably calculated to lead to the discovery of admissible evidence."[23] As discussed previously, Monroe has shown how Request 6 is reasonably calculated to lead to the discovery of admissible evidence. Therefore, the City has not shown how Request 6 is overly broad, and as a result, the Court overrules the City's objection to the request as overly broad.

### D. Attorney-Client Privilege and Work Product Protection

In its original Objections served to Monroe on June 5, 2013, the City objected that Request 6 "seeks documents protected by the attorney client and/or attorney work product privileges."[24] Monroe argues that because the City did not address this objection in its response to Monroe's golden rule letter, that the City has waived this objection. Monroe further argues that to the extent that privilege may apply, the City has waived this objection as to documents that were not included on the privilege log produced by the City. In its response, the City asserted that Request 6 is so broad that it may encompass documents subject to attorney-client privilege or other privileges.

Ordinarily, a party that does not support an objection to a discovery request in response to a motion to compel has abandoned that objection.[25] In light of the City's vagueness and overbreadth objections, however, the City may have not yet produced documents otherwise responsive. To conclude that the City has waived this objection and require disclosure of all documents either privileged as attorney-client communications or protected as attorney work product would be manifestly unjust.[26] As a result, to the extent that any documents responsive to Request 6 in the possession, custody, or control of the City were withheld based on attorney-

---

[23] Fed. R. Civ. P. 26(b)(1).
[24] Def.'s Objections to Pl.'s First Reqs. Produc. Docs., ECF No. 42-3.
[25] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004).
[26] *Camp v. Gregory, Inc.*, No. 12–1083–EFM–KGG, 2013 WL 656894 at *2 (D. Kan. Feb. 22, 2013).

client privilege or work product protection, such documents shall be included in an appropriate privilege log.

E.  **Payment of expenses**

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), when a motion to compel is granted or the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the opposing party's nondisclosure, responses, or objections were substantially justified or other circumstances make an award of expenses unjust.[27] Pursuant to this Rule, the Court may award expenses only after affording the parties the "opportunity to be heard" which includes "on written submissions."[28] Here, both parties have requested expenses and offered argument in support in their filed memoranda, and thus have been afforded their opportunity to be heard.

In this case, although the Court overrules the City's objections to the discovery request at issue, the Court finds that the City was substantially justified in making those objections and holds that an award of expenses would be unjust. Monroe's request for an award of his reasonable expenses incurred is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (ECF No. 41) is hereby granted. The City of Lawrence, Kansas is ordered to produce any and all nonprivileged documents responsive to Request 6 of Plaintiff's First Request for Production of Documents in its possession, custody, or control. Due to the stay of discovery entered on November 21, 2013,

---

[27] Fed. R. Civ. P. 37(a)(5)(A).
[28] *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ. P. 37(a)(5))).

the City's response is due within twenty (20) days after Defendants' Motion to Dismiss Counts I and III of Plaintiff's Complaint (ECF No. 23) is resolved.

**IT IS FURTHER ORDERED** that the parties shall bear their own expenses related to the Motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 20th day of December, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge