IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL MONROE,                )
                               )
        Plaintiff,             )
                               )   Civil Action
v.                             )
                               )   No. 13-2086-EFM-TJJ
CITY OF LAWRENCE, KANSAS,      )
et al.,                        )
                               )
        Defendants.            )

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Protective Order,[1] which seeks an order placing restrictions on discovery to: (1) limit discovery regarding the conduct and discipline of non-party employees to individuals who are similarly situated to Plaintiff; (2) limit discovery regarding the alleged conduct and discipline of non-party employees to conduct which is similar to that for which Plaintiff was discharged; (3) limit the temporal scope of discovery regarding the conduct and discipline of non-party employees to a period of March 1, 2007 through July 23, 2013; and (4) prohibit deposition questions based upon rumor or innuendo. The Court finds that Defendants have failed to show good cause for their request except as to limiting the temporal scope of discovery. Accordingly, for reasons set forth below the Court denies the motion in part and grants it in part.

## I.  Legal Standards

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue

---

[1]ECF No. 89.

1

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[2] The decision to enter a protective order is within the Court's broad discretion.[3] Despite this broad discretion, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[4] In addition, the party seeking a protective order bears the burden of establishing good cause.[5] The moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[6]

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[7] Relevant information need not be admissible at trial if the discovery "appears reasonably calculated to lead to the discovery of admissible evidence."[8] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[9]

---

[2]Fed. R. Civ. P. 26(c)(1).

[3]*Thomas v. Int'l Bus. Machs*., 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[4]*Herrera v. Easygates, LLC*, No. 11–CV–2558–EFM–GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan.2003)).

[5]*Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan.2010).

[6]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[7]Fed. R. Civ. P. 26(b)(1).

[8]*Id*.

[9]*Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005) (citing *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D.

Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[10]

## II.     Background Information

Plaintiff asserts claims against the City of Lawrence, Kansas ("the City") and Tarik Khatib, the City's Police Chief, for denial of due process and race discrimination arising from Plaintiff's termination from employment with the City's Police Department ("LPD"). The discovery period as to Defendants resumed on January 27, 2014, after having been stayed for two months pending presiding District Court Judge Eric F. Melgren's ruling on Defendants' Motion to Dismiss.[11] In a letter dated February 18, 2014, Defendants advised Plaintiff that their review of Plaintiff's Second Supplemental Rule 26(a) Disclosures and recently propounded discovery requests led Defendants to conclude that Plaintiff wished to perform discovery on irrelevant matters and in a manner that would embarrass, harass, oppress, and cause undue burden and expense to parties and non-parties.[12] Defendants advised Plaintiff that unless he agreed to limit the scope of discovery to relevant issues, Defendants would seek a protective order. The parties then requested that the undersigned Magistrate Judge conduct a telephone conference in an effort to forgo litigating the issue, and that conference took place on March 14, 2014.[13] Plaintiff indicated during the conference that he actually intends to depose far fewer

---

679, 689-90 (D. Kan. 2001)).

[10]*Cardenas*, 232 F.R.D. at 382 (citations omitted).

[11]*See* ECF No. 71 (granting Defendants' motion to stay discovery pending ruling); ECF No. 76 (Memorandum and Order granting in part and denying in part Defendants' motion to dismiss).

[12]ECF No. 89-3.

[13]ECF Nos. 86, 87.

witnesses than identified in his Rule 26 disclosures.[14]

The parties did not reach agreement. In an email dated March 24, 2014, Plaintiff referred to ongoing discussions between the parties on this issue and repeated his expectation that he would take 25 or fewer depositions. He set forth a list of 16 areas of inquiry and 31 deposition witnesses, four of whom he listed as "tentative" and ten as "unlikely."[15] Defendants replied by email three days later, (1) asking for clarification as to whether Plaintiff intended to conduct discovery on topics listed in his Rule 26 Disclosures but not in his March 24 email, such as alcohol abuse, improper transport of an explosive device, bias against women, and sexual harassment allegations, (2) opining that Plaintiff's discovery on his discrimination claims should be limited to similarly situated individuals and/or conduct, and (3) stating that they would be filing the instant motion.[16] Referring to unnoticed possible depositions of potential witnesses but addressing only one actual pending discovery request (and that limited to two requests in Plaintiff's Fourth Request for Production of Documents), Defendants filed the instant motion for protective order.

### III. Defendants' Burden to Satisfy Duty to Confer

Were the Court to consider only Defendants' motion and attachments, the Court would find that Defendants have failed to provide certification that they have in good faith conferred or attempted to confer with Plaintiff in an effort to resolve the dispute, as required by Federal Rule

---

[14]Likewise, in his sur-reply, Plaintiff indicates that he intends to depose a total of 13 to 18 witnesses. The Scheduling Order in this case limits Plaintiff to 30 depositions, with each non-party lay witness deposition to last no longer than four hours. *See* Scheduling Order, ECF No. 9 at 5.

[15]ECF No. 89-5 at 1-4.

[16]ECF No. 89-5 at 1.

4

of Civil Procedure 26(c) and D. Kan. Rule 37.2. Defendants attach a copy of one letter and one set of email communications, neither of which describes with particularity the steps taken by the parties to avoid this dispute. Because the parties requested and the Court conducted a telephone conference on this issue, however, the Court considers the parties' representations and participation therein to have satisfied Defendants' burden.

**IV.     Analysis**

As noted above, the Court has broad discretion with respect to protective orders. The Court may not issue such an order, however, unless the moving party "demonstrates that the basis for the protective order falls within one of the categories enumerated in [Rule] 26(c)."[17] In other words, the moving party must show that the requested order is necessary to protect the party from annoyance, embarrassment, oppression, or undue burden or expense.[18] "Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[19]

**A.     Relevancy as Basis for Protective Order**

Defendants seek a protective order which limits discovery regarding the conduct and discipline of non-party employees to individuals who are similarly situated to Plaintiff and whose conduct is similar to that for which Plaintiff was discharged. Defendants argue that

---

[17]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR-KGS, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007); *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[18]*See* Fed. R. Civ. P. 26(c)(1).

[19] *Kan. Waste Water, Inc*., 2005 WL 327144, at *2.

5

Plaintiff cannot demonstrate pretext in his disparate treatment discrimination claims unless he can show that similarly situated employees were treated differently. Defendants assert that discovery regarding non-supervisory employees, employees with different supervisors or decision-makers, and employees who did not engage in similar conduct is irrelevant and should be precluded by a protective order.

Defendants' argument is misplaced in a motion for a protective order, which is not an avenue to prevent discovery on the basis of relevancy. Instead, a party may object to providing discovery on the basis that the request is not calculated to lead to the discovery of admissible evidence. The Court may rule on the validity of such an objection only in the context of a motion to compel; a relevancy objection is not a basis upon which the Court may enter a protective order under Rule 26(c).[20] For that reason alone, Defendants' motion with respect to similarly situated employees and employees with similar conduct is without merit.

Moreover, the Court notes that discovery in employment cases is not to be narrowly circumscribed and is particularly broad in a Title VII case.[21] This case is in its earliest stages. Discovery is necessary to identify similarly situated employees, and ultimately that determination will be for the Court. Defendants present no authority and the Court is aware of none which supports their right to define "similarly situated" or to limit Plaintiff's discovery to individuals of Defendants' choosing through a protective order.[22]

---

[20]*Aikens*, 217 F.R.D. at 534-35.

[21]*Owens v. Spring/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[22]Defendants would have the Court determine that "similarly situated" employees are those who also held supervisory positions and who shared the same decision-maker and supervisor. Defendants' definition flies in the face of its proffered reason for having terminated Plaintiff's employment. Defendants asserted that Plaintiff's conduct – specifically his pattern of biased

**B.      Embarrassment, Harassment, Undue Burden and Expense as Basis**

Defendants next argue that Plaintiff's Rule 26(a) disclosures represent an attempt to conduct significant discovery, through depositions and written discovery requests, on areas outside the scope of appropriate discovery that will embarrass, harass, and cause undue burden and expense to parties and non-parties. Defendants cite no noticed depositions; they point to two requests in Plaintiff's Fourth Request for Production of Documents which seek documents relating to (1) racial profiling incidents involving two LPD officers and (2) allegations and disciplinary action concerning LPD officer alcohol abuse.[23] In addition, Defendants state that Plaintiff indicates in his Rule 26(a) disclosures that he intends to conduct discovery on topics such as sexual harassment, bias toward women, improper transportation of explosive devices, and other supposed misconduct by LPD employees. As to these topics, Defendants assert that Plaintiff has no need for such information and that vast potential exists for embarrassment and harassment.

Plaintiff responds that insofar as discovery on these issues would relate to his discrimination claims, similar conduct is not the appropriate comparator because Tenth Circuit law holds that violations by minority and non-minority employees need only be of comparable

---

behavior – had made it necessary for the LPD to disclose such conduct as potential impeachment evidence to all prosecuting authorities in any criminal investigation involving Plaintiff. All members of LPD would appear subject to the same mandatory disclosures in any criminal matters in which they are involved, whether as a patrol officer, detective, or supervisor. Moreover, even if Defendants were otherwise entitled to a protective order, Defendants have not demonstrated a measurable basis on which to fashion it.

[23]ECF No. 89-2 at 4.

seriousness, not based on identical violations of identical work rules.[24] Determining which employees are similarly situated has no place in a due process analysis, and Plaintiff's statement of the law is correct. Further, Plaintiff notes that discovery on these issues also relates to his due process claim.

As to the issues relevant to due process, Plaintiff argues that he is entitled to conduct discovery into the grievance process afforded to other employees and whether public statements were made during that process. Accordingly, the infractions involved in other employee discipline are not the common denominator; rather, it is the City's conduct with respect to those employees' grievance process. Of more importance, however, is Plaintiff's representation that he does not intend to depose any of the witnesses identified in his Second Supplemental Rule 26(a) Disclosures who have knowledge of sexual harassment, bias toward women, and other supposed misconduct by LPD employees.[25]

Defendants have not presented information from which the Court can conclude that Plaintiff intends to conduct discovery in which a witness is likely to be embarrassed or harassed. Defendants have thus failed to show good cause why a protective order should be entered on that basis.

Finally, Defendants contend that Plaintiff wishes to conduct discovery from

---

[24]*See Elmore v. Capstan, Inc.*, 58 F.3d 525, 529-30 (10th Cir. 1995); *see also Ramirez v. Haughton*, No. 12-4020-EFM, 2013 WL 1113963, at *3 (D. Kan. March 18, 2013).

[25]The Court has compared Plaintiff's Second Supplemental Rule 26(a) Disclosures (ECF No. 89-1) with Plaintiff's email to Defendants listing likely deponents (ECF No. 89-5). Plaintiff indicates that he does intend to depose one witness he has identified as having information regarding the improper transport and disposal of an explosive device, among other issues. The Court assumes that Plaintiff believes that witness has information relevant to Plaintiff's due process claim.

approximately 70 witnesses and that, a fortiori, discovery will result in increased burden and expense to parties and non-parties. However, under the terms of the Court's Scheduling Order, Plaintiff is limited to 30 depositions,[26] and Plaintiff represents that he intends to take only 13-18 depositions in this case.[27]

Defendants provide no affidavit or other evidentiary proof to establish undue burden under Rule 26(c), nor do they offer a detailed explanation of the nature and extent of the claimed burden or expense.[28] Without such evidence or explanation, Defendants have not demonstrated good cause why the Court should enter a protective order on the basis of undue burden or expense.

### C. Limit on Temporal Scope of Discovery

Defendants urge the Court to issue a protective order which limits discovery to a reasonable period preceding and following the alleged discriminatory conduct. The parties have agreed to limit the temporal scope of discovery to the period March 1, 2007 to July 23, 2013.[29] The Court therefore grants Defendant's motion as unopposed . The Scheduling Order's Discovery provisions are hereby amended to reflect the parties' agreement.

---

[26]*See* ECF No. 9 at 5.

[27]*See* ECF No. 105-1 at 1.

[28]*See Kan. Waste Water, Inc.,* 2005 WL 327144, at *3. If Plaintiff were to attempt to depose more than 18 witnesses, contrary to his representation, then an undue burden analysis might yield a different result.

[29]The Court observes that the time frame the parties have agreed to extends beyond the time in which Khatib has served as acting Police Chief and Police Chief. The agreement undermines Defendants' argument that, to be similarly situated, other employees must have been supervised by both Khatib and City Manager Corliss. Defendants' argument would exclude events before February of 2011 when Khatib became acting Chief, but the parties' agreement recognizes that discoverable information may exist as much as four years earlier.

### D. Deposition Questioning Based Upon Rumor and Innuendo

Finally, Defendants urge the Court to enter a protective order to circumvent Plaintiff's efforts to ask deposition questions based on rumor and innuendo. Defendants do not identify the rumor and innuendo from which they seek protection, and the Court finds that Defendants have failed to offer more than conclusory statements that fail to adequately support their request for a protective order. Indeed, deposition questioning is oftentimes based on rumors or innuendo, and Defendants offer no guidance or suggestion for a workable constraint on such deposition questions.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (ECF No. 89) is denied in part and granted in part. The Court denies Defendants' requests to: (1) limit discovery regarding the conduct and discipline of non-party employees to individuals who are similarly situated to Plaintiff; (2) limit discovery regarding the alleged conduct and discipline of non-party employees to conduct which is similar to that for which Plaintiff was discharged; and (3) prohibit deposition questions based upon rumor or innuendo. The Court grants as unopposed Defendants' request to limit the temporal scope of discovery regarding the conduct and discipline of non-party employees to a period of March 1, 2007 through July 23, 2013.

**IT IS FURTHER ORDERED** that the Scheduling Order provisions regarding Discovery are hereby amended to reflect the parties' agreement and the Court's order to limit the temporal scope of discovery regarding the conduct and discipline of non-party employees to a period of March 1, 2007 through July 23, 2013.

**IT IS SO ORDERED.**

Dated May 13, 2014.

                                            s/ Teresa J. James
                                            Teresa J. James
                                            United States Magistrate Judge